UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ADAM C. SMITH, | ) |
| Plaintiff, | ) |
| v. | ) 17-CV-1475 |
| COREY MALONEY, et al., | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

Plaintiff proceeds pro se from his incarceration in Pinckneyville Correctional Center. His Complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. This section requires the Court to identify cognizable claims stated by the Complaint or dismiss claims that are not cognizable.[1] In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor and taking Plaintiff's pro se status into account. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff sues 47 defendants regarding unrelated incidents reaching back to the year 2009. These defendants and claims are not properly joined in one action. Wheeler v. Wexford Health Sources, Inc., 689 F.3d 680, 683 (7th Cir. 2012)("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions."); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)("Unrelated claims against different defendants belong in different suits . . ."). If Plaintiff files an amended complaint, he must confine his claims to claims arising from the same set of transactions or occurrences. Listing every adverse incident back to 2009 and adding the word conspiracy is not enough to state a federal claim or join unrelated claims.

Additionally, a two year statute of limitations applies to constitutional claims. Liberty v. City of Chicago (7th Cir. 2017)(two year statute of limitation for 42 U.S.C. § 1983 actions starts to run

when plaintiff knew of injury and knew that defendant acting within scope of government employment caused injury.)  In general, then, claims arising from adverse government actions which were completed more than two years ago are barred by the statute of limitations.  For example, Plaintiff's claims about what happened to him in 2009, such as illegal searches and seizures would be barred by the statute of limitations.

Plaintiff also cannot challenge his standing convictions in this action.  Any challenge to Plaintiff's convictions belongs in Plaintiff's state criminal proceedings and appeals.  <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994)("[A] district court must dismiss a § 1983 action if a judgment in favor of the plaintiff in that § 1983 action would necessarily imply the invalidity of his criminal conviction or sentence.")  The judges and prosecutors are absolutely immune from damages for actions taken in Plaintiff's criminal proceedings. <u>Forrester v. White</u>, 484 U.S. 219, 229-30 (1988)(judges immune from lawsuit based on their actions in court); <u>Imbler v. Pachtman</u>, 424 U.S. 409, 431 (1976)("in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under section 1983.").  Public defenders are not

considered government actors and therefore cannot be sued for constitutional violations. Polk County v. Dodson, 454 U.S. 312 (1981)("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding").

Plaintiff has filed a motion for the appointment of counsel, asserting that he is mentally disabled and needs counsel to help him file an amended complaint. The Court does not have the authority to order an attorney to accept pro bono appointment on a civil case such as this. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). In determining whether the Court should attempt to find an attorney to voluntarily take the case, the question is "given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" Pruitt, 503 F.3d at 654-55 (7th Cir. 2007).

At this point, Plaintiff appears competent to proceed pro se to the extent that he should be able to file an amended complaint limited to one connected set of transactions with government employees within the last two years that do not involve the propriety of his criminal convictions. Though containing unrelated claims, Plaintiff's current complaint is factually detailed,

demonstrating an ability to remember and explain what happened to Plaintiff that Plaintiff believes was wrong. That is all that is necessary for the Court to determine whether a viable claim can proceed.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed without prejudice to filing an amended complaint by December 8, 2017. If Plaintiff does not file an amended complaint, then this case will be dismissed, without prejudice, and closed.

2) Plaintiff's motions for appointed counsel are denied. (d/e's 4, 7.)

3) Plaintiff's motion for a hearing is denied. (d/e 8.)

ENTERED: November 9, 2017

FOR THE COURT:

        **s/Sue E. Myerscough**
        SUE E. MYERSCOUGH
      UNITED STATES DISTRICT JUDGE