E-FILED
Friday, 27 July, 2018 02:53:03 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ADAM C. SMITH, | ) |
| Plaintiff, | ) |
| v. | ) 17-CV-1475 |
| COREY MALONEY, et al., | ) |
| Defendants. | ) |

## SECOND MERIT REVIEW OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

Plaintiff proceeds pro se from his incarceration in Pinckneyville Correctional Center. The Court assumes familiarity with the prior merit review opinion, which dismissed Plaintiff's complaint and gave Plaintiff leave to file an amended complaint.

After Plaintiff filed this action, the Southern District of Illinois concluded that Plaintiff had earned three strikes under 28 U.S.C. § 1915(g), which means that he can no longer proceed in forma pauperis in future actions or appeals. See Smith v. Spiller, 18-cv-349 (S.D. Ill.). Plaintiff may still proceed in forma pauperis in this

action because he brought this action before he earned two of those strikes.

Plaintiff has filed seven different amended complaints since the Court gave leave for Plaintiff to file an amended complaint. (d/e's 12, 20, 21, 28, 29, 30, 31.) The Court will accept Plaintiff's fifth amended complaint as the governing complaint, which is Plaintiff's last-filed amended complaint. (d/e 31.) Plaintiff's fifth amended complaint is now before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

Plaintiff's fifth amended complaint names 33 defendants. Several claims arise from allegations that, on June 24, 2015, Plaintiff discovered that individuals had broken into Plaintiff's home and stolen 59 items, from chess sets to French doors to the gas meter. (d/e 28, p. 12.) Plaintiff believes that the individuals who committed this theft were employed by the Macon County Sheriff's Office. Plaintiff's efforts to make the Sheriff's Office investigate the thefts or prosecute those responsible were unavailing, as were Plaintiff's mandamus actions filed in the state circuit court.

The Court cannot discern a federal claim from these allegations. The random and unauthorized deprivation of property

by government employees does not give rise to a federal constitutional claim unless there are no adequate state remedies for Plaintiff to pursue. Hudson v. Palmer, 468 U.S. 517, 533 (1984)(prison guard's intentional and unauthorized destruction of inmate's property did not state a constitutional due process claim because state law remedies were available); Murdock v. Washington, 193 F.3d 510, 513 (7th Cir. 1999), *cert. denied*, 529 U.S. 1134 (2000). State law does provide possible remedies, such as a tort claim for conversion. Davenport v. Giliberto, 566 Fed.Appx. 525 (7th Cir. 2014)(not published in Fed. Rptr.)(even if police officer's taking of property was intentional and unauthorized, Illinois law provided an adequate remedy through a claim of conversion). Additionally, there is no constitutional duty to investigate or prosecute crimes. Whitlock v. Brueggemann, 682 F.3d 567, 589 (7th Cir. 2012)("There is no affirmative duty on police to investigate."); Vance v. Rumsfeld, 701 F.3d 193 (7th Cir. 2012)("Plaintiffs think that they should have done more, but no one can demand that someone else be prosecuted.")[1] The refusal to

---

[1] The Court also notes that even if Plaintiff had federal claims arising from the alleged theft in June 2015, those claims would be barred by the two-year statute of limitations. Bryant v. City of Chicago, 746 F.3d 239, 241 (7th Cir. 2014)(In Illinois, 42 U.S.C. § 1983 actions are subject to the two-year statute of limitations in 735 ILCS 5/13-202).

investigate Plaintiff's theft allegations or initiate prosecutions does not state a federal claim.

Several of Plaintiff's other claims arise from allegations that he was fraudulently charged and maliciously prosecuted in criminal case 2015CF1355 (Macon County). These allegations are effectively an attack on Plaintiff's conviction for threatening a public official, the conviction for which Plaintiff is currently serving his sentence. The legal route for challenging that conviction is to pursue all remedies in the state courts and then file a federal habeas action. This includes challenges to rulings on Plaintiff's motions to suppress evidence and accusations of fabricated evidence which were ruled on in his state criminal proceeding. This also includes Plaintiff's allegations that fabricated evidence was admitted in his criminal trial and Plaintiff's other allegations this his criminal trial was a sham. In short, in this action Plaintiff cannot make any claims that directly or indirectly challenge the validity of his conviction. Heck v. Humphrey, 512 U.S. 477 (1994)("[A] district court must dismiss a § 1983 action if a judgment in favor of the

---

Plaintiff learned of the theft in June 2015 but did not file this case until October 2017. Plaintiff asserts he had to exhaust his administrative remedies, but the exhaustion requirement does not apply to parolees. 42 U.S.C. § 1997e(h)(defining prisoner as a person who is "incarcerated or detained in any facility").

plaintiff in that § 1983 action would necessarily imply the invalidity of his criminal conviction or sentence.")  Additionally, judges and prosecutors are absolutely immune from civil suits for damages for their actions taken during the judicial process.  Burns v. Reed, 500 U.S. 478, 488 (1991)(prosecutorial immunity); Polzin v. Gage, 636 F.3d 834, 838 (7th Cir. 2011)(judicial immunity).  Likewise, witnesses are immune for civil lawsuits for damages based on their testimony in court, even if the testimony is false.  Canen v. Chapman, 847 F.3d 407, 415 (7th Cir. 2017).

    Plaintiff also alleges that he was falsely arrested and maliciously prosecuted in a different criminal case (also for threatening a public official)—case 2011CF1712 (Macon County).  According to the public docket, these charges were dismissed on April 23, 2015.  The statute of limitation for any federal claims arising from Plaintiff's imprisonment and prosecution in this case would have run on April 23, 2017, two years from when the charges were dropped.  Plaintiff did not file this case until October 2017.

    Plaintiff next alleges that Sergeant Kallenback refused to allow Plaintiff access to the public law library, causing Plaintiff's petitions for mandamus to be dismissed.  However, no plausible inference

arises from these allegations that Plaintiff's mandamus actions had any reasonable basis in law or fact. Plaintiff does not explain what information he could have found in the public law library which might have prevented his mandamus actions from being dismissed. McCree v. Grissom, 657 F.3d 623, 624 (7th Cir. 2011)("Without a tenable argument to pursue . . . , [a plaintiff] cannot show actual prejudice resulting from denial of access to the law library.")

Plaintiff also pursues claims arising from his allegations that Defendant Jay Scott, the Macon County State's Attorney, falsely told Pinckneyville Correctional Center officials that Plaintiff had sent Defendant Scott a letter with feces smeared on the letter. Plaintiff alleges that Mr. Scott made this false accusation to retaliate against Plaintiff because Plaintiff had won one of his criminal appeals. Plaintiff believes that Mr. Scott was the one who smeared feces on the letter in an effort to frame Plaintiff. Lieutenant Frank, who works at Pinckneyville Correctional Center, allegedly investigated Mr. Scott's false allegations and pressured Plaintiff to falsely confess. Lieutenant Frank has also directed the opening of Plaintiff's sealed "legal/privileged mail," and Plaintiff's

incoming and outgoing mail have allegedly been either delayed or stopped.

A constitutional claim against Defendant Scott would not arise from Scott's alleged false accusations and fabricated evidence alone. The fabrication of evidence does not give rise to a constitutional violation until the fabricated evidence is used in a criminal proceeding to deprive a defendant of his liberty, <u>Whitlock v. Brueggemann</u>, 682 F.3d 567, 582 (7th Cir. 2012), or otherwise causes the deprivation of a constitutionally protected interest.

Plaintiff does not say that he was ever criminally charged based on Mr. Scott's alleged fabrication of evidence and false accusations. The Court did not see any such charges in the criminal dockets for Macon and Perry counties. Nor does Plaintiff contend that he lost good time or suffered some other prison discipline that was serious enough to trigger due process protections. Plaintiff's placement in investigational segregation for sixty days, two months of grade demotion, and two months commissary restriction are not enough. *See, e.g.,* <u>Smith v. Akpore</u>, 689 Fed.Appx. 458, 460 (7th Cir. 2017)(not published in Fed.Rptr.)(inmate's "30 days in investigative segregation and

approximately 3 months in disciplinary segregation were not long enough to raise a concern under the Due Process Clause.").

Plaintiff also pursues a claim that a Decatur Police Officer (Wagoner) illegally searched Plaintiff's home on June 23, 2014. The two-year statute of limitations on a Fourth Amendment illegal search claim generally starts to run the day of the illegal search. Neita v. City of Chicago, 830 F.3d 494 (7th Cir. 2016) Plaintiff alleges that he was imprisoned at the time of the search and did not learn of the illegal search until July 4, 2016, through a Freedom of Information request. Yet even if this claim is not barred by the statute of limitations, the 2014 search was in response to a neighbor's phone call to police reporting a burglary at Plaintiff's home. According to Plaintiff, the responding officer (purportedly Officer Wagoner) entered Plaintiff's home and escorted an intruder out of Plaintiff's home. A neighbor reporting a robbery in progress would likely amount to exigent circumstances justifying the entry into Plaintiff's home. Reardon v. Wroan0, 811 F.2d 1025 (7th Cir. 1987)(exigent circumstances warranted warrantless entry where robbery in progress reported, door to residence was unlocked, and

car was in driveway).  Plaintiff's current allegations are too conclusory to plausibly infer a claim for illegal entry.

Plaintiff's fifth amended complaint also makes a new claim about meager meal portions, the reading of his confidential legal mail, an inadequate law library, and inadequate legal supplies during Plaintiff's stay in the Macon County Jail on the 2015 criminal charge.  These claims are not properly joined with the only claims that are proceeding—the Fourth Amendment claims against Defendants Whetstone and Scott regarding the search and seizure of Plaintiff's cell phone (see below).  Wheeler v. Wexford Health Sources, Inc., 689 F.3d 680, 683 (7th Cir. 2012)("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions."); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)("Unrelated claims against different defendants belong in different suits . . .").  Plaintiff will have to bring a separate lawsuit regarding these allegations and pay the $400 filing fee up front if Plaintiff has accumulated three strikes.

There are some Fourth Amendment claims which might plausibly be stated. Plaintiff alleges an illegal search and seizure of his cell phone in October 2017 and a subsequent affidavit for a search warrant which allegedly contained knowingly false statements. Plaintiff appears to allege that Defendant Whetstone first seized Plaintiff's cell phone without a warrant and then made knowingly false affidavits in an affidavit for a search warrant, though what those false statements were is unclear. Plaintiff also alleges that Defendant Whetstone downloaded Plaintiff's entire phone memory onto discs with no warrant. State's Attorney Scott then allegedly took possession of the "phone dump" and used the information for unspecified illegal purposes.

At this point, the Court cannot rule out the possibility of Fourth Amendment claims for unreasonable search and seizure of Plaintiff's cell phone. These Fourth Amendment claims will proceed against Defendants Scott and Whetstone for further development.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the fifth amended complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states Fourth Amendment claims for unreasonable search and

seizure of Plaintiff's cell phone.  These Fourth Amendment claims will proceed against Defendants Scott and Whetstone for further development.   This case proceeds solely on the claims identified in this paragraph.   Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

     2)    All claims other than the Fourth Amendment claims set forth in paragraph one above are dismissed for the reasons stated in this order.

     3)    All Defendants, other than Defendants Whetstone and Scott, are dismissed for the reasons stated in this order.

     4)    This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

     5)    The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from

the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

6) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by

Defendants. Therefore, no response to the answer is necessary or will be considered.

8) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

12) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

13) **Plaintiff's motion for leave to file a fifth amended complaint is granted. (d/e 31.)**

14) **Plaintiff's motions to file other amended complaints are denied as unnecessary. (d/e's 28, 29, 30.)** Plaintiff's fifth amended complaint already includes the information in the prior amended complaints.

15) **Plaintiff's motion for a response on his documents is moot. (d/e 27.)**

16) **The clerk is directed to separately docket the fifth amended complaint.**

17) **The clerk is directed to terminate all Defendants except for Defendant Whetstone and Scott.**

18) **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on Defendants Scott and Whetstone pursuant to the standard procedures.**

19) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED: 7/27/18

FOR THE COURT:             **s/Sue E. Myerscough**
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE